<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JULIET A. ROGERS, | Civil Action No. 26-00189 (SDW) (AME) |
| Plaintiff, |  |
| v. | **WHEREAS OPINION** |
| NEURALINK CORPORATION, | April 20, 2026 |
| Defendants. |  |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon Defendant Neuralink Corporation's ("Defendant") Motion (D.E. 5) to Dismiss Plaintiff Juliet A. Rogers's ("Plaintiff") Complaint (D.E. 1 ("Comp.")) and Plaintiff's Request for a Temporary Restraining Order ("TRO") (D.E. 10), and this Court having reviewed the parties' submissions; and

**WHEREAS** Defendant argues that the doctrine of res judicata bars all of Plaintiff's claims. To determine whether res judicata applies, courts within the Third Circuit do not employ a mechanical approach. *Marmon Coal Co. v. Dir., Off. of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) ("We have disavowed attempts to create a simple test for determining what constitutes a cause of action for res judicata purposes." (quoting *Duhaney v. Att'y Gen.*, 621 F.3d 340, 348 (3d Cir. 2010)). Instead, courts focus on the "essential similarity of the underlying events giving rise to the various legal claims." *Id.* (citation omitted). Factors relevant to this determination include "(1) whether the acts complained of were the same; (2) whether the material

1

facts alleged in each suit were the same; and (3) whether the witnesses and documentation required to prove such allegations were the same." *Id.* at 394–95 (citation omitted); and

**WHEREAS** res judicata bars the instant action because its underlying claims and allegations are the same as the claims filed in the state court action, which were found to be frivolous and dismissed with prejudice; and

**WHEREAS** even if res judicata does not bar all of Plaintiff's claims, the Complaint cannot survive a Rule 12(b)(6) motion to dismiss and fails to comply with Rule 8.  The body of the Complaint is largely incoherent and confusing.  Moreover, Plaintiff's Complaint is rife with conclusory allegations and fails to even make out "threadbare recitals of the elements of a cause of action." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Plaintiff's disjointed factual allegations fail to provide a clear narrative of either the factual or legal basis for her claims.  *See* Rule 8(a)(2) (providing that an adequate complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Iqbal*, 556 U.S. at 678 (stating that although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); and

**WHEREAS** because "[a]n injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course," *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010), a party seeking a preliminary injunction must first establish (1) a likelihood of success on the merits and (2) that "it is more likely than not to suffer irreparable harm in the absence of preliminary relief," *Mallet & Co. v. Lacayo*, 16 F.4th 364, 380 (3d Cir. 2021) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)).  Only if the movant establishes these two factors does a court consider (3) whether granting preliminary injunctive relief will harm the

nonmoving party or other interested persons and (4) the public interest. *Reilly*, 858 F.3d at 178–79; and

**WHEREAS** because Plaintiff fails to state a claim upon which relief can be granted, it follows that Plaintiff has not established a likelihood of success on the merits. *See Mallet*, 16 F.4th at 380; therefore

Plaintiff's Motion for a TRO is **DENIED**; and her Complaint is **DISMISSED WITH PREJUDICE** pursuant to the doctrine of res judicata and for failure to state a claim upon which relief can be granted pursuant Federal Rule of Civil Procedure 12(b)(6). An appropriate order follows.

                                             /s/ Susan D. Wigenton
                                     **SUSAN D. WIGENTON, U.S.D.J.**

Orig:           Clerk
cc:             Parties
                André M. Espinosa, U.S.M.J.