<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| JULIET A. ROGERS,<br><br>Plaintiff,<br><br>v.<br><br>NEURALINK CORPORATION,<br><br>Defendants. | Civil Action No. 26-00189 (SDW) (AME)<br><br>**WHEREAS OPINION & ORDER**<br><br>June 18, 2026 |

**WIGENTON**, District Judge.

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Juliet A. Rogers's ("Plaintiff") Motion to Reopen the Case (D.E. 15); and

**WHEREAS** on January 9, 2026, *pro se* Plaintiff filed a Complaint in this Court against Defendant Neuralink Corporation.  (D.E. 1.)  On April 20, 2026, this Court dismissed Plaintiff's Complaint with prejudice.  (D.E. 12.)  This Court found that res judicata barred Plaintiff's Complaint because its underlying claims and allegations were the same as the claims filed in the state court action, which were found to be frivolous and dismissed with prejudice.  *Id.* Additionally, this Court found that Plaintiff's Complaint could not survive a Federal Rule of Civil Procedure 12(b)(g) motion to dismiss and failed to comply with the Rule 8 pleading standards[1]; and

---

[1] This Court further notes that any additional attempts by Plaintiff to amend the pleadings would have been futile given the frivolous nature of Plaintiff's claims.

1

**WHEREAS** Plaintiff now seeks to reopen this Complaint. (D.E. 15.) A motion to reopen a case which has been closed by way of dipositive motion is effectively a motion pursuant to Rule 60(b)(6) for this Court to grant relief from a final judgment. *See Pabon v. Lemaster*, 408 Fed. Appx. 508, 509 (3d Cir. 2010). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances...." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A movant seeking relief under the rule must "show extraordinary circumstances justifying the reopening of a final judgment." *Id.* at 535. Such a motion will be denied unless the movant shows "that without relief from the judgment, an extreme and unexpected hardship will result." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008).

**WHEREAS** Plaintiff fails to satisfy Rule 60(b)(6)'s "extraordinary circumstances" requirement and does not plausibly demonstrate that an extreme and unexpected hardship would result if her motion were not granted. Instead, Plaintiff simply realleges the same disjointed and fantastical claims this Court previously dismissed. Plaintiff's claims are plainly meritless and fails to establish any legal or factual support for a Rule 60(b)(6) motion. Accordingly, Plaintiff's Motion to Reopen this Case is denied, and this matter shall remain closed[2]; and

**WHEREAS** this Court also warns Plaintiff that the further filing of frivolous litigation may result in an order under 28 U.S.C. § 1651(a), barring her from filing new actions without prior permission. This warning is necessary, in light of Plaintiff's numerous filings, to conserve this Court's judicial resources; therefore

**IT IS**, on this 18th day of June 2026,

**ORDERED** that Plaintiff's Motion to Reopen this Case under Rule 60(b)(6) is **DENIED**; and it is further

---

[2] For this reason, Plaintiff's Motion for an Order to Show Cause and Temporary Restraining Order (D.E. 18) is also denied.

2

**ORDERED** that this matter shall remain closed.

**SO ORDERED.**

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Parties
           André M. Espinosa, U.S.M.J.